# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY KEIFER,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1302**  (BOR Appeal No. 2045568)
             (Claim No. 2009080277)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Keifer, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 19, 2011, in which the Board reversed a January 25, 2011, Order of the Workers' Compensation Office of Judges and reinstated the claims administrator's June 8, 2009, decision. The claims administrator approved Mr. Keifer's claim for occupational pneumoconiosis on a non-medical basis, but set the last exposure date as December 19, 2000. In its Order, the Office of Judges modified the claims administrator's decision by establishing Mr. Keifer's date of last exposure as February 19, 2009, the date Mr. Keifer filed his application for occupational pneumoconiosis benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Keifer began working as a millwright for Alcan Rolled Products at the Ravenswood, West Virginia plant in June of 1994. On December 20, 2000, Mr. Keifer began working in the fabrication maintenance department. Mr. Keifer claimed that from the beginning of his employment he was exposed to dust and airborne particles. On December 30, 2008, Mr. Keifer

1

was diagnosed with occupational pneumoconiosis and applied for benefits on February 19, 2009. On June 8, 2009, the claims administrator approved Mr. Keifer's application for occupational pneumoconiosis on a non-medical basis and determined that he was entitled to the presumption found in West Virginia Code § 23-4-8c(b) (2009). The claims administrator's decision stated that Mr. Keifer's date of last exposure was December 19, 2000, excluding the period in which he worked in the fabrication maintenance department. On January 25, 2011, the Office of Judges modified the date of last exposure in the claims administrator's decision to February 19, 2009, the date Mr. Keifer applied for occupational pneumoconiosis benefits. But the Board of Review, on August 19, 2011, reversed the Office of Judges and reinstated the claims administrator's June 8, 2009, decision, leading Mr. Keifer to appeal the Order.

In modifying Mr. Keifer's date of last exposure to February 19, 2009, the Office of Judges found that the employer had not met the standard set out in West Virginia Code of State Rules § 85-20-52.2 (2006). In the Office of Judges' hearing, Alcan Rolled Products presented an affidavit of its industrial hygienist, Michael Merrifield. Mr. Merrifield's affidavit stated that, based on his testing of the dust and airborne particles in the fabrication maintenance department, Mr. Keifer was not exposed to abnormal, excessive, or harmful quantities of dust after December 20, 2000. Mr. Merrifield also stated that the areas where Mr. Keifer worked were in compliance with OSHA standards for permissive levels of particulate materials during that period. The Office of Judges found, however, that the affidavit of Mr. Merrifield was not credible because the last sample taken by Mr. Merrifield was in 2005. Since Mr. Merrifield had not taken tests from the entire period for which the employer was seeking to avoid chargeability, the Office of Judges found that the evidence did not meet the standard set out in West Virginia Code of State Rules § 85-20-52.2 and would not be sufficient to limit Alcan Rolled Products' chargeability.

The Board of Review reversed the Order of the Office of Judges. The Board of Review found that the affidavit of Mr. Merrifield was sufficient for Alcan Rolled Products to avoid chargeability for the period of December 20, 2000, through February 19, 2009, because the affidavit showed that the employer had been in compliance with OSHA standards for permissible exposure levels during the period.

We agree with the conclusions of the Board of Review. Mr. Merrifield was a certified industrial hygienist who was employed to monitor the levels of dust and airborne particles in the Ravenswood, West Virginia plant. Mr. Merrifield's affidavit detailed frequent and periodic testing of Mr. Keifer's work area during the period for which Alcan Rolled Products seeks to avoid chargeability. Mr. Merrifield's affidavit is credible, according to the standards set out in West Virginia Code of State Rules § 85-20-52.2, and it shows that the Ravenswood plant was in compliance with OSHA's standards for permissive exposure levels during the relevant period.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum